UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| GARY M. CONNER, <br><br> Petitioner, <br><br> v. <br><br> SHERIFF, <br><br> Respondent. | CAUSE NO. 4:22-CV-84-TLS-JEM |

**OPINION AND ORDER**

Gary M. Conner, a prisoner without a lawyer, filed a habeas petition to challenge his parole revocation under Case Nos. 86C01-FB-65 and 86C01-1310-FB-75 in the Warren Circuit Court and his pretrial detention under Case No. 04C01-2203-F6-85 in the Benton Circuit Court. Pursuant to Section 2254 Habeas Corpus Rule 4, the Court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

As an initial matter, Conner cannot challenge more than one criminal proceeding in this case. *See* Rule 2(e) of the Rules Governing Section 2254 Cases ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."). Additionally, the Court must ensure that the petitioner has exhausted all available remedies in State court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every

> level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025–26 (internal citations omitted). Until exhaustion has occurred, federal habeas relief is not available. *Id.* Under Indiana law, individuals may challenge their parole revocation by filing the appropriate petition in State court. *See, e.g.*, *Harrison v. Knight*, 127 N.E.3d 1269, 1271 (Ind. Ct. App. 2019); *Hardley v. State*, 893 N.E.2d 740, 742–43 (Ind. Ct. App. 2008); *Mills v. State*, 840 N.E.2d 354, 357 (Ind. Ct. App. 2006). Individuals may also challenge the lawfulness of searches and seizures in pending criminal cases. *See, e.g.*, *Perez-Grahovac v. State*, 894 N.E.2d 578 (Ind. App. 2008); *State v. Geis*, 779 N.E.2d 1194 (Ind. App. 2002); Ind. R. Crim. P. 3, 26. Because Conner indicates that he raises his claims for the first time in this federal habeas petition, the Court finds that he has not exhausted his available State court remedies.

When dismissing a habeas corpus petition because it is unexhausted, "a district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Based on the allegations in the habeas petition, it appears that the one-year limitations period for federal habeas review began to accrue for the claims pertaining to Conner's parole revocation[1] on the date of his arrest on March 29, 2022. *See* 28 U.S.C. § 2244(d)(1)(D). Given the statutory tolling provided by Section 2244(d)(2), dismissing this case will not effectively end Conner's chance at habeas corpus review because he will have ample time to return to this court after he exhausts his claims in State court. Therefore, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the Court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the Court

---

[1] The limitations period for the claims pertaining to Conner's pending criminal case will not begin to run until the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A).

dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging him to proceed further in federal court until Conner has exhausted his claims in State court.

For these reasons, the Court:

(1) DISMISSES without prejudice the petition [ECF No. 1] pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are unexhausted;

(2) DENIES Gary M. Conner a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the Clerk of Court to close this case.

SO ORDERED on October 28, 2022.

                                            s/ Theresa L. Springmann
                                            JUDGE THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT